Fortuna Estates, Promovente, *v.* Texidor, Juez de Distrito, et al., Demandados.

Solicitud para que se expida un *auto inhibitorio* al Juez de la Corte de Distrito de San Juan, Sección 1ª., y José E. Benedicto, Tesorero de Puerto Rico, para que desistan y se abstengan de actuar en nuevos procedimientos en el caso de *Fortuna Estates* v. *José E. Benedicto, Tesorero de Puerto Rico*, sobre devolución de contribuciones pagadas bajo protesta.

No. 17.—Resuelto en abril 8, 1918.

Auto Inhibitorio—Derecho Legal—Anulación Manifiesta.—Para aplicar la ley que autoriza la expedición de autos inhibitorios en la parte que dice que procede el auto "cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal," debe aparecer que tal derecho es de verdadera importancia y que su anulación es manifiesta.

Id.—Discreción de la Corte.—La expedición de un auto inhibitorio, descansa en la sana discreción de la corte, con contadas excepciones.

Estipulación — Orden Aprobándola — Examen de sus Términos. — Examinada la estipulación hecha por las partes para suspender los procedimientos en determinado pleito hasta tanto se resolviera otro que estaba entonces pendiente en la Corte Suprema de Puerto Rico, por la corte de última instancia, en relación con la orden de la corte de distrito decretando la suspensión hasta que el pleito fuera decidido por la Corte Suprema de Puerto Rico, habiendo la Corte Suprema de Puerto Rico fallado el indicado pleito; no obstante el hecho de existir otra apelación interpuesta en el mismo con posterioridad y contra una nueva sentencia dictada por la corte de distrito, *se resolvió:* que a partir de la decisión del Supremo, quedaron las partes en la misma situación en que se encontraban antes de firmar el convenio, pudiendo continuar la tramitación del pleito suspendido.

Los hechos están expresados en la opinión.

Abogado de la promovente: *Sr. O. B. Frazer.*

Abogado del demandado Sr. Benedicto: *Hon. Howard L. Kern, Attorney General de Puerto Rico.*

El Juez Hon. Jacinto Texidor, demandado, compareció por escrito.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Los abogados de ambas partes en el pleito No. 8727, seguido por Fortuna Estates contra José E. Benedicto, como

Tesorero de Puerto Rico, sobre devolución de contribuciones, acordaron lo siguiente:

"Estipulación.—Los infrascritos letrados, en representación del demandante y los demandados en el caso arriba titulado, por la presente estipulan y convienen que todos los procedimientos en este caso sean pospuestos hasta tanto se resuelva el caso de '*The Ensenada Estates, Inc.* v. *Allan H. Richardson, como Tesorero de Puerto Rico,*' cuyo caso está pendiente en la Corte Suprema de Puerto Rico, por la corte de última instancia.   San Juan, Puerto Rico, marzo 28 de 1916.—Francis E. Neagle, abogado de la demandante.—Howard L. Kern, Attorney General y abogado de El Pueblo de Puerto Rico."

Sometida la estipulación a la corte, ésta, el 29 de marzo de 1916, resolvió lo que sigue:

"Vista la estipulación presentada por los abogados de las partes en cada uno de estos dos casos, la corte las aprueba posponiendo todos los procedimientos en los mismos, hasta tanto sea resuelto por la Corte Suprema de Puerto Rico el caso de *Ensenada Estates Inc.* v. *Allan H. Richardson, como Tesorero de Puerto Rico.*"

El caso de "*The Ensenada Estates, Inc.* v. *Allan H. Richardson, como Tesorero de Puerto Rico,*" a que se refiere la estipulación y que se hallaba pendiente de resolución en esta Corte Suprema el 29 de marzo de 1916, fué resuelto el 28 de julio del mismo año, volviendo a la corte de distrito de su origen para ulteriores procedimientos.   La corte de distrito lo resolvió de nuevo en contra de la demandante y ésta apeló otra vez para ante este Tribunal Supremo, encontrándose en la actualidad pendiente su apelación.

En la lectura regular del calendario, la corte de distrito señaló el 1 de marzo de 1918 para la vista de una excepción previa presentada en el dicho pleito No. 8727, en que se archivó la estipulación de referencia.   El día del señalamiento compareció la parte demandante y se opuso a la vista, invocando la estipulación.   La corte sostuvo su orden y la parte demandada sometió, sin argumentación, la excepción previa, a la decisión del tribunal.

Entonces la parte demandante presentó a esta Corte Suprema su petición de auto inhibitorio, alegando que la Corte de Distrito de San Juan al resolver la excepción previa le privaría de un derecho legal importante, a saber: el derecho legal al cumplimiento fiel por el demandado de su convenio, y le causaría daños para impedir los cuales no tenía un remedio adecuado en ley. Se expidió el auto, se oyó a las partes interesadas y el asunto quedó finalmente sometido a nuestra consideración y resolución.

El auto inhibitorio, de acuerdo con la ley vigente en Puerto Rico, (1343, Comp. 1911), es el expedido por un tribunal superior, dirigido al juez y a la parte de un pleito entablado en un tribunal inferior, en el que se les ordena la paralización de todo procedimiento del mismo significándoles que la causa original o algún incidente surgido en dicho pleito no es de su competencia sino de la de otro tribunal; o cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal; o para impedir que un juez conceda una nueva vista, una vez vencido el término señalado para la celebración del juicio.

No se trata aquí ni del caso de falta de jurisdicción, ni del de la concesión de una nueva vista. El peticionario se basa en que el tribunal ejerciendo funciones de su competencia anuló un derecho legal, a saber: el que tenía a que el juicio no se celebrara mientras no se decidiera por la corte de última instancia determinado pleito.

La práctica que debe seguirse para la expedición de autos inhibitorios está prescrita por los estatutos, como sucede en Puerto Rico, pero su naturaleza, objeto y funciones, se regulan por la ley común. (Véase 32 Cyc. 599.)

El auto inhibitorio es un auto privilegiado que debe usarse con gran cautela y a los efectos de impedir la interrupción y en apoyo de la justicia, y para asegurar el orden y la seguridad en todos los tribunales, cuando no existe otro remedio ordinario. Su esfera de acción legítima y sus propósitos son los de hacer que los tribunales actúen dentro de los límites de

su jurisdicción e impedir que usurpen la jurisdicción de otras cortes.   Véase 32 Cyc. 598.

De acuerdo, pues, con el espíritu de la jurisprudencia y con el origen e historia de la ley, al interpretarse el estatuto portorriqueño en la parte que dice que procede el auto "cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal," tal derecho legal debe ser de verdadera importancia y su anulación manifiesta.   De otro modo como en cualquiera resolución incidental errónea dictada en cualquier pleito va envuelta la anulación de un derecho legal, podría recurrirse al auto inhibitorio en todos dichos casos, con lo cual en vez de promoverse se obstaculizaría la buena administración de la justicia.   A este respecto deseamos consignar también que según el peso de las autoridades, la expedición del auto inhibitorio, con contadas excepciones, descansa en la sana discreción de la corte.   Véase 32 Cyc. 599.

Penetrando ahora en los méritos de este caso, diremos que a nuestro juicio no resulta claro que la corte de distrito anulara ningún derecho legal del peticionario.   La estipulación de las partes no puede examinarse aisladamente.   Es necesario estudiarla en relación con la orden de la corte.   (Véanse los casos de *Sucn. Criado* v. *Rivera et al*, 25 D. P. R. 254, 257, y *González* v. *Acha*, 19 D. P. R. 1208, 1211.)   La orden de la corte se dictó desde el 29 de marzo de 1916 y sus términos son claros.   La suspensión estaba limitada hasta que el pleito, en aquel entonces pendiente en la Corte Suprema de Puerto Rico, fuera resuelto por este tribunal, como lo fué desde el 28 de julio de 1916.   A partir de ese momento cesó el convenio, quedando las partes con respecto a este extremo en la misma situación en que se encontraban antes de firmar la estipulación.

El abogado de la peticionaria insistió en que en la estipulación se hablaba de la corte de última instancia.   Ya hemos dicho que la estipulación no puede examinarse aisladamente sino en relación con la orden de la corte consentida por am-

bas partes, pero deteniéndonos por un momento en el examen aislado de la estipulación, encontramos que la mente de ambas partes estuvo en efecto puesta en el tribunal de última instancia para el caso de que hubiera que recurrir a él dentro de la apelación entonces pendiente, como hubiera sucedido si este Tribunal Supremo en vez de revocar, como revocó, hubiera confirmado la sentencia apelada.

Por virtud de lo expuesto, debe anularse el auto expedido, quedando expedita la jurisdicción de la corte inferior para seguir actuando como si este tribunal no hubiera intervenido.

*Anulado el auto librado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.