CÉSAR TORRES TORRES y OTROS, peticionarios, *v.* COMISIÓN ESPECIAL PARA INVESTIGAR LA CORRUPCIÓN EN EL GOBIERNO DE PUERTO RICO, ETC., demandada.

*Número:* JO-84-12      *Resuelto:* 2 de agosto de 1984

*Antonio Córdova González,* abogado de los peticionarios; *Amari Arabía Rojas,* de *Ramírez & Ramírez,* abogada de la demandada.

Sala integrada por su Presidente, el Juez Asociado Señor Torres Rigual y los Jueces Asociados Señores Irizarry Yunqué y Rebollo López.

### RESOLUCIÓN

Atendida la petición de epígrafe, el Tribunal ha reclamado y examinado los autos originales. De éstos se desprende que los planteamientos hechos ante nos no han sido llevados a la consideración del tribunal de instancia, no ha lugar a lo solicitado.

---

Lo acordó el Tribunal y certifica el Secretario Interino. El Juez Asociado Señor Rebollo López expendiría el auto inhibitorio preliminar solicitado por los fundamentos que constan en el voto disidente de esta misma fecha.

*(Fdo.)* Heriberto Pérez
*Secretario Interino*

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Expediría y concedería, cuando menos, el auto inhibitorio preliminar solicitado por los peticionarios por cuanto: siendo inconstitucional[1] el artículo de ley de nuestro Código Político bajo el cual la Asamblea Legislativa de Puerto Rico concede inmunidad contra procesamiento criminal a las personas que, no empece haber reclamado el privilegio constitucional contra la autoincriminación, se ven obligados a así declarar ante dicha Asamblea Legislativa o sus diferentes comisiones, y, existiendo evidencia prima facie de que el Negociado Federal de Investigaciones (F.B.I.) está actualmente investigando el asunto en relación con el cual han sido citados los peticionarios para declarar,[2] existe incuestionablemente la probabilidad de que mediante la orden de comparecencia emitida por el tribunal de instancia se esté anulando un "derecho legal" de fundamental importancia de los aquí peticionarios.

I

*Los hechos*

Mediante la Resolución Núm. 647 de fecha 22 de febrero

---

[1] Conforme norma jurisprudencial establecida por el Tribunal Supremo de los Estados Unidos, según veremos más adelante.

[2] Existiendo la posibilidad, en su consecuencia, de que se radiquen acusaciones criminales contra los peticionarios en la Corte Federal de Estados Unidos para el Distrito de Puerto Rico.

de 1983 la Cámara de Representantes de Puerto Rico creó una Comisión Especial para Investigar la Corrupción en el Gobierno del Estado Libre Asociado de Puerto Rico. En virtud de dicha Resolución, la Cámara ha estado investigando el Municipio de Juncos. El presidente de la referida comisión especial, Hon. Severo E. Colberg Ramírez, citó a los aquí peticionarios para que comparecieran a declarar ante la misma. No habiendo comparecido los peticionarios en los días señalados para ello, la mencionada comisión especial autorizó a su presidente para que, al amparo de la Sec. 154a del Título 2 de las Leyes de Puerto Rico Anotadas, requiriera del Tribunal Superior de Puerto Rico la expedición de las correspondientes citaciones ordenando a los peticionarios a comparecer y declarar ante la citada comisión.

El Hon. Severo E. Colberg Ramírez radicó la petición a esos efectos ante el tribunal de instancia el 30 de julio de 1984. Ese mismo día el honorable Tribunal Superior de Puerto Rico, Sala de San Juan, expidió, *ex parte*, una orden de citación dirigida a los aquí peticionarios mediante la cual les ordenó, so pena de desacato civil, "para que comparezcan ante la Comisión Especial . . . , el día 7 de agosto de 1984, a las 10:30 A.M., *y allí declaren todo lo que sepan sobre cualquier asunto* relacionado con la investigación que lleva a cabo dicha Comisión al amparo de la Resolución Núm. 647 . . .". (Énfasis suplido.)

Los peticionarios, con fecha de 31 de julio de 1984, comparecieron ante este Tribunal mediante el recurso de auto inhibitorio. En adición a las alegaciones correspondientes relativas a jurisdicción, alegan los peticionarios, *en síntesis*, que ellos están en disposición de comparecer ante la comisión especial, pero que no declararán ante la misma "alegando su derecho constitucional de no autoincriminarse"; que "están siendo investigados por el Buró de Investigaciones Federales"; (3) y que la "inmunidad legislati-

---

(3) Acompañan, como anejo a su petición, copia de una carta —junto a la certifi-

va, conforme 2 L.P.R.A. Sec. 155, no protege adecuadamente a los demandantes [los peticionarios] contra el peligro de autoincrimina[ción]". La recurrida Comisión Especial de la Cámara de Representantes ha comparecido solicitando la desestimación del recurso radicado, por razón de que en relación con algunos de los peticionarios el recurso es académico por el fundamento de que a la Cámara de Representantes ya no le interesa interrogarlos. En relación con los restantes peticionarios, se alega que el planteamiento sobre autoincriminación se está haciendo prematuramente.

## II

*La inconstitucionalidad del Art. 35 del Código Político de Puerto Rico, 2 L.P.R.A. sec. 155*

El citado Art. 35 del Código Político establece que:

*Sec. 155. Autoincriminación; inmunidad contra procesamiento*

Ninguna persona examinada bajo juramento ante cualquiera de las Cámaras de la Asamblea Legislativa, o comisión de la misma, podrá negarse a declarar sobre cualquier hecho, o a presentar cualquier documento, acerca de los cuales fuere examinado fundado en que su declaración o la presentación de tal documento tendería a deshonrarle o infamarle, o le expondría a ser procesado criminalmente; *pero ninguna manifestación hecha o documento presentado por dicho testigo constituirá prueba en su contra en ningún proceso criminal, que se le formare.* Disponiéndose, sin embargo, que ningún testigo examinado en la forma indicada quedará exento de ser encausado por perjurio si se funda el proceso en cualquiera manifestación falsa que hubiere hecho en dicho examen. (Énfasis suplido.) —Código Político, 1902, Art. 35.

Una simple lectura de dicho estatuto es suficiente para

cación expedida por el Secretario de la Comisión Especial de la Cámara, Lcdo. Severo Colberg Toro, acreditativa de que es copia fiel y exacta del original que obra en poder de la Comisión— suscrita por el Inspector Regional General para Investigación del U.S. Department of Housing and Urban Development donde se informa, en síntesis, al presidente de la Comisión Especial, Hon. Severo E. Colberg Ramírez, que la oficina de San Juan del F.B.I. está realizando una investigación relacionada con el asunto para el cual fueron citados los peticionarios a declarar.

llegar a la conclusión de que el mismo, *ante el reclamo por parte de un testigo del privilegio constitucional contra la autoincriminación,* sólo cobija bajo el manto de la inmunidad que concede aquellas manifestaciones hechas o documentos presentados por dicho testigo al momento de prestar su declaración. Dicho de otra forma, si dicho testigo con posterioridad a su comparecencia es sometido a proceso criminal, el Estado únicamente está impedido de utilizar como prueba en su contra aquellas pruebas que éste aportara en su comparecencia. *En otras palabras, el estatuto en controversia sólo concede lo que se conoce como "inmunidad de uso".*

La inmunidad o protección que concede dicho artículo de ley, sin embargo, no es extensiva a evidencia que pueda ser obtenida por las autoridades como "fruto o derivado" de las pruebas que el testigo se vea obligado a aportar durante su comparecencia; las autoridades no estarían impedidas de presentar en contra del testigo evidencia que obtuvieran usando como "pista" o base la prueba que éste aportara. *En otras palabras, el Art. 35 del Código Político de Puerto Rico no concede lo que se denomina como "inmunidad de uso derivativo".*

Así lo concluye el Profesor Ernesto L. Chiesa en su obra *Práctica Procesal Puertorriqueña,* Vol. I, Análisis Editorial, págs. 114–115.[4] Añade dicho autor que, precisamente debido a ello, la "medida nos luce inconstitucional por no brindar la inmunidad de uso-derivativo". Chiesa, *op. cit.,* pág. 119. Este último señalamiento es uno obligatorio en vista de las decisiones emitidas por el Tribunal Supremo de Estados Unidos en *Counselman* v. *Hitchcock,* 142 U.S. 547 (1892); *Murphy* v. *Waterfront Comm'n.,* 378 U.S. 52 (1964);

---

[4] Como dato adicional, debemos señalar que el Senado de Puerto Rico en sus Resoluciones Núm. 716 y 717 de 22 septiembre de 1983, entre otras, ha reconocido que el citado Art. 35 del Código Político de Puerto Rico sólo concede la llamada "inmunidad de uso". Respecto a la facultad de los tribunales para tomar conocimiento judicial de una resolución oficial emitida por alguna de las Cámaras Legislativas de Puerto Rico, véase *Guadalupe* v. *Bravo, Alcaide Cárcel,* 71 D.P.R. 975, 980 (1950).

*Albertson* v. *SACB*, 382 U.S. 70 (1965); y *Kastigar* v. *United States*, 406 U.S. 441 (1972).

Un análisis objetivo de las referidas decisiones nos permite llegar, *en lo pertinente*, a las siguientes conclusiones:

A. Un estatuto, como el Art. 35 del Código Político de Puerto Rico, que sólo concede "inmunidad de uso" es inconstitucional por ser incompleto e incompatible con el privilegio constitucional contra la autoincriminación, garantizado tanto por la Constitución federal como por la nuestra;

B. Como corolario de lo anteriormente expresado, ningún testigo —que reclame el privilegio constitucional contra la autoincriminación y que pueda ser posteriormente encausado criminalmente— puede ser obligado a declarar bajo un estatuto que sólo conceda "inmunidad de uso";

C. Si el estatuto, por el contrario, no sólo concede "inmunidad de uso" sino que también "inmunidad de uso derivativo", nada de lo que el testigo dijo y aportó puede utilizarse en su contra, como tampoco se puede utilizar evidencia obtenida como "fruto" de la misma en un proceso criminal contra el testigo, ni en la esfera local ni en la federal;

D. Ahora bien, aun bajo la anterior situación, si las autoridades pueden demostrar —para lo cual tienen el peso de la prueba— que la evidencia con que cuentan fue obtenida *legítima e independientemente* de la evidencia aportada por el testigo o como fruto de la misma, dicha evidencia sería admisible en un proceso criminal.

En conclusión, concediendo el Art. 35 del Código Político de Puerto Rico, 2 L.P.R.A. sec. 155, únicamente "inmunidad de uso", dicho artículo de ley resulta ser inconstitucional a la luz de la doctrina jurisprudencial establecida por el Tribunal Supremo de Estados Unidos. Adicionalmente tenemos que, existiendo la posibilidad de que los peticionarios sean encausados criminalmente en la esfera federal, dichos peticionarios, una vez reclamado su derecho contra la autoincriminación, no pueden ser obligados a declarar ante la Cámara de Representantes de Puerto Rico ni ninguna de sus

comisiones. Una orden obligándolos a así hacerlo estaría anulando un "derecho legal" de fundamental importancia de los peticionarios.

## III

*Procedencia del auto inhibitorio en el presente caso*

Dispone el Art. 664 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3461, que:

> Auto inhibitorio es un auto expedido por un Tribunal Superior dirigido al juez y a la parte de un pleito entablado en un tribunal inferior, en el que se les ordena la paralización de todo procedimiento del mismo significándoles que la causa original o algún incidente surgido en dicho pleito no es de su competencia sino de la de otro tribunal; *o cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal,* o para impedir que un juez conceda una nueva vista, una vez vencido el término señalado para la celebración del juicio. (Énfasis suplido.)

Como podemos notar, procede la expedición de un auto inhibitorio en cualesquiera de tres (3) circunstancias. Se puede caracterizar el auto inhibitorio como un recurso auxiliar a un pleito principal con el propósito de impedir que un tribunal inferior o una parte realice determinada actuación dentro del ámbito que el estatuto menciona. Véase D. Toledo Álamo, *Autos Inhibitorios en Puerto Rico,* 15 Rev. Jur. U.P.R. 245, 247 (1946). "El auto inhibitorio como se concibe en nuestro Código es de naturaleza estrictamente judicial. Procede solamente por un tribunal superior contra un juez y la parte de un pleito entablado en un tribunal inferior." *Charana* v. *Pueblo,* 109 D.P.R. 641, 646 (1980).

Comparte con los otros recursos extraordinarios su naturaleza privilegiada y sólo procede su expedición cuando no existe un procedimiento legal ordinario que sea rápido, adecuado y eficaz. *Charana* v. *Pueblo,* ante. Goza el recurso de unas características en común con el *injunction,* 32 L.P.R.A. sec. 3521. Ambos recursos se expiden ante alegaciones de daños inminentes. El auto inhibitorio, de hecho, funciona

como un *injunction* en contra del tribunal inferior. F. G. Ferris, *The Law of Extraordinary Legal Remedies*, Minnesota, Thomas Law Book Co., 1926, Sec. 311, pág. 419.

Si bien es cierto que, como cuestión de mera cortesía judicial, de ordinario se le exige al peticionario de un auto inhibitorio que le ofrezca la oportunidad al juez de instancia para que corrija las actuaciones impugnadas, ello no es necesario cuando la actuación objetada es una *ex parte* y/o en casos en que la dilación resultante sería altamente perjudicial a los intereses del peticionario, siendo discrecional la expedición del auto. *National City Bank* v. *Arjona, Juez*, 49 D.P.R. 355, 366 y 367 (1936).

En el presente caso los peticionarios solicitan la expedición del auto contra el tribunal de instancia bajo la segunda de las tres alternativas enumeradas en el citado Art. 664, o sea, "cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal". Se requiere que dicho derecho legal sea de "verdadera importancia y su anulación manifiesta". *Fortuna Estates* v. *Texidor, Juez de Dist.*, 26 D.P.R. 266, 269 (1918).

En el presente caso la orden objetada fue expedida *ex parte* el 30 de julio 1984. Mediante la misma se le ordena a los peticionarios a *comparecer y declarar* ante la Comisión Especial de la Cámara de Representantes el 7 de agosto de 1984. Existe la posibilidad de que las autoridades federales en Puerto Rico radiquen acusaciones criminales contra los peticionarios o algunos de ellos. La dilación en expedir el auto solicitado puede resultar altamente perjudicial a los peticionarios. El estatuto bajo el cual se le concede inmunidad a los testigos que declaran ante la Asamblea Legislativa es inconstitucional, según hemos visto. No tenemos duda en nuestra mente de que la orden emitida por el tribunal inferior puede anular un derecho legal de verdadera importancia y que su anulación es manifiesta.

Por las razones expresadas, expediría el auto inhibitorio preliminar solicitado.