En el Tribunal Supremo de Puerto Rico

| Carlos M. Hernández López<br>Peticionaria<br><br>V.<br><br>Hon. Ricardo Santana Ramos<br>Recurido | Auto Inhibitorio<br><br>98TSPR157 |
|---|---|

Número del Caso: AI-98-2

Abogados de la Parte Peticionaria: Lcdo. Mario Pabón Rosario
Lcdo. Angel J. Ortiz Guzmán
Lcdo. Carlos M. Hernández López

Abogados de la Parte Recurrida: Lcdo. Carlos Lugo Fiol
Procurador General
Lcda. Edda Serrano Blasini
Procuradora General Auxiliar
Lcdo. Pedro Delgado Hernández

Tribunal de Instancia: Superior Mayaguez

Juez del Tribunal de Primera Instancia: Hon. Ricardo Santana Ramos

Fecha: 11/20/1998

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Carlos M.Hernández López
y otros

    Peticionarios

    v.

Hon. Ricardo Santana Ramos
y otros

    Recurridos

AI-98-2


SENTENCIA


San Juan, Puerto Rico, 20 de noviembre 1998


Vistas las comparecencias de las partes y del Hon. Ricardo Santana Ramos, en el ejercicio de nuestra discreción, expedimos el recurso de auto inhibitorio solicitado para impedir que se quebranten los postulados básicos de nuestro sistema de derecho. Se le ordena al Tribunal de Primera Instancia, Sala Superior de Mayagüez, que celebre la vista en su fondo el lunes 23 de noviembre y resuelva el caso no más tarde del martes 24 de noviembre. Se ordena además, que dentro de las veinticuatro (24) horas siguientes, a partir de la notificación de esta sentencia, se lleve a cabo los emplazamientos

correspondientes a todas las partes indispensables en el pleito conforme lo requieren las Reglas de Procedimiento Civil.

Notifíquese vía faz y por teléfono.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García emitió opinión disidente. El Juez Asociado señor Corrada del Río hace constar que de los escritos presentados por la Comisión Estatal de Elecciones y el Procurador General en respuesta a la orden para mostrar causa emitida por este Tribunal, surge patentemente la frivolidad y clara improcedencia del recurso instado por el peticionario ante nos, por lo que proveería no ha lugar. El Juez Asociado señor Rebollo López no intervino.

A tenor con la Regla 5 (b) de nuestro Reglamento, los demás Jueces Asociados se reservan el derecho de emitir una ponencia con relación a este asunto.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos M. Hernández López,
personalmente y como Presi-
dente del Frente Autonomista
Mayaguezano y otro

     Demandantes-peticionarios      AI-98-2     Auto Inhibitorio

        v.

Hon. Ricardo Santana Ramos,
Juez del Tribunal de Primera
Instancia, etc.

     Demandados-recurridos

      Opinión Disidente del Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 20 de noviembre de 1998

I

**Este Tribunal no tiene poder absoluto para artificialmente asumir jurisdicción donde no la hay**. Vía certificación o auto inhibitorio **en este momento** carecemos de autoridad constitucional, legal y reglamentaria para intervenir y dirigir específicamente los trámites seguidos con relación a la demanda de sentencia declaratoria, interdicto y revisión, presentada por Carlos M. Hernández López, pro se, y como Presidente del Frente Autonomista Mayaguezano, pendientes en instancia.

II

**Procesalmente**, la petición sobre auto inhibitorio –analizada separadamente de la certificación, cuya **improcedencia en esta etapa no se discute**–, tiene que evaluarse como un intento fallido de invocar nuestra jurisdicción original, que por regla general, es de excepción.

Distinto a la postura de los peticionarios, la solicitud no fue juramentada, requisito insoslayable del Código de Enjuiciamiento Civil. Art. 666; 32 L.P.R.A., sec. 3463. No puede invocarse la Regla 9 de Procedimiento Civil –expositiva de la norma general de que una demanda no tiene que ser jurada, y que la sola firma del abogado es suficiente–, **por ser inaplicable a los recursos extraordinarios**.

Tampoco, los demandados han sido debidamente emplazados. No puede este Tribunal sustituir dicha exigencia a base de la notificación de la certificación, pues según indicado, sobre ésta carecemos totalmente de jurisdicción. **Atar ese recurso insuficiente e inapropiado a la petición de auto inhibitorio en que se reclama nuestra facultad original es simplemente un malabarismo sin precedentes.**

Además, **como parte indispensable** falta PROELA, agrupación electoral que **en la actualidad** está debidamente certificada por la Comisión Estatal de Elecciones para defender durante el evento plebiscitario que se aproxima, la misma alternativa de status político que propugnan los peticionarios. **Esa omisión de parte indispensable (PROELA) se materializa al momento en que se presentó ante este Tribunal la petición de auto inhibitorio en jurisdicción original.** Sin su presencia, el Tribunal no puede ordenarle al foro de instancia que el lunes 23 ventile una vista y adjudique el martes 24 una controversia que puede poner en peligro la certificación y autorización de fondos electorales que PROELA ya tiene. **Resolver el caso en su ausencia conllevará la nulidad absoluta del remedio que pueda conceder instancia. Irónicamente tiene el efecto de demorar la solución del caso, única razón por la cual la mayoría ha decidido intervenir.**

III

**En lo sustantivo, sabido que el remedio final de un auto inhibitorio es paralizar todo procedimiento ulterior en el litigio.** Art. 664; 32 L.P.R.A. sec. 3461. <u>Charana</u> v. <u>Pueblo</u>, 109 D.P.R. 641 (1980). Como nos dice Casares, es "impedir que un juez prosiga en el conocimiento de una causa". Casares, J., <u>Diccionario Ideológico de la Lengua Española</u>, Segunda ed., Ed. Gustavo Gili, S.A., Barcelona, (1982), pág. 474.

Ante esa característica, sólo tiene sentido expedirlo para ordenar al tribunal o a la parte contra quien se dirige, que desista y se

abstenga de realizar nuevos procedimientos del litigio o aquellos asuntos que se especifiquen hasta nueva orden. **No es concebible expedirlo si el proceso en instancia va a continuar.** D. Rivé Rivera, <u>Recursos Extraordinarios</u>, 2da. Ed. E.J.C., págs. 263-264 (1996).

No comprendemos pues, bajo qué misterioso razonamiento puede la mayoría usar un auto inhibitorio para precisamente hacer lo contrario: en lugar de paralizar la causa, ordenar al juez de instancia que continúe el procedimiento, celebre vista y resuelva.

En la petición de auto inhibitorio no se da ninguno de los eventos visualizados el Art. 664 para su expedición. Por el contrario, el pleito es de la "competencia" del Tribunal de instancia. Dicho foro no está anulando ningún derecho legal. El trasfondo procesal refleja que el Juez Hon. Ricardo Santana Ramos ha sido sumamente diligente al extremo de que el 13 de noviembre celebró una conferencia del estado procesal ("status conference"), en la que adoptó y dispuso el cumplimiento de unas medidas conducentes a acelerar el proceso y señaló vista evidenciaria para el próximo miércoles, 25 de noviembre.[1] Para

---

[1] La minuta refleja:

"1. Las partes demandadas, E.L.A. y C.E.E. deberán someter la contestación a la demanda en o antes del 18 de noviembre de 1998.

2. La parte demandante deberá el día 16 de noviembre de 1998 presentar la juramentación de la solicitud de Injuction.

3. Los co-demandados, en conjunto, y mediante moción, plantearán lo siguiente:

    a.      'Standing' político de la demandante

    b. Cumplimiento de los requisitos del procedimiento interdictal y/o cualquier otro planteamiento que en derecho crean necesario

    c. Falta de parte indispensable

4. Se ordena notificarse todos los escritos vía facsímil.

5. En cuanto a la deposición que solicita la C.E.E., se dispone que en sustitución a éste, habida cuenta de lo escaso del tiempo para resolver, le cursará a la parte demandante un interrogatorio, el cual será contestado en o antes del miércoles 18 de noviembre.

6. La parte demandante deberá proveerle al E.L.A. toda la documentación que entienda acredite todo lo referente a su 'Standing'.

7. Se pauta **Vista Evidenciaria para el día 25 de noviembre de 1998 a las 9:00 de la mañana.** (Énfasis suplido).

8. Las partes se reunirán al finalizar esta vista, en la oficina del Lcdo. Hernández para determinar qué prueba documental o hechos van a ser estipulados y someterlos al Tribunal, en conjunto con los escritos arriba indicados, en o antes del 18 de noviembre de 1998.

9. En cuanto a la Moción Solicitando Órdenes presentada por la parte demandante el Tribunal la declara no ha lugar."

conjurar cualquier tardanza indebida en su posterior adjudicación existirá en su momento el auto de <u>mandamus</u>. **Vía auto inhibitorio no cabe actuar prematuramente.** Finalmente, tampoco se trata de impedir la concesión de una vista vencido el término señalado para la celebración del juicio.

Siendo el auto inhibitorio uno privilegiado a usarse con gran cautela y cuyos **"propósitos son los de hacer que los tribunales actúen dentro de los límites de su jurisdicción e impedir que usurpen la jurisdicción de otras cortes".** –<u>Fortuna Estates</u> v. <u>Texidor</u>, 26 L.P.R.A. 266, 268 (1918)– **es una paradoja la decisión mayoritaria asumiendo jurisdicción donde no la hay.**


ANTONIO S. NEGRON GARCIA
Juez Asociado